GRACE J. KINSEY, PLAINTIFF-RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted January 19, 1943—Decided June 17, 1943.

Before Justices Bodine, Heher and Perskie.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *James B. Emory,* of counsel).

For the respondent, *Max A. Sturm.*

The opinion of the court was delivered by

Heher, J.   Plaintiff sued to recover damages for personal injuries sustained at the hands of an intoxicated passenger on a train of the defendant corporation, while she was being transported from the City of New York to defendant's Journal Square station in the City of Jersey City.   The District Court Judge, sitting without a jury, resolved the issues in her favor; and defendant appeals from the consequent judgment and assigns error upon the denial of its motions for a nonsuit and a "directed verdict" for an alleged failure of proof of negligence.

There was evidence tending to establish the following matters of fact:   On October 1st, 1939, at 9:30 A. M., plaintiff boarded the train, composed of two cars, at the Thirty-third Street terminal in the City of New York.   At Fourteenth Street, an intoxicated man entered the second car, "roaring like a wild animal."   He "made a lot of annoying remarks to" passengers, and "yelled and shouted."   This course of conduct continued until the train reached the Erie station in

Jersey City, when he took a seat opposite the plaintiff, who was in the forward part of the car. Almost immediately, he arose and "grabbed" plaintiff, "mauled" her and "pulled" her "over the seat," the while making "insulting remarks." She endeavored to escape, but he followed and struck her behind the left ear, causing "a fishhook incised wound" with profuse bleeding. The fracas was unknown to the conductor, the sole trainman, who all the while remained in the first car. It occurred as the train was proceeding from the Erie station to the Grove Street station in Jersey City. The intervention of a passenger prevented a renewal of the assault as the train came to a stop at this station. The conductor was then apprised of what had occurred, but meanwhile the assailant disappeared and was not apprehended. Between the time of the departure of the train from the New York terminal and its arrival at the Grove Street station, the conductor did not enter the second car. The side doors were controlled by apparatus located between the end doors of the two cars; and at all other times the conductor stood in the rear of the first car. It was a rule of the defendant company that he stand in the vestibule of the forward car, "to be able to see both cars;" but he admitted that from the time the train left the Erie station until it reached the Grove Street station he did not look into the rear car.

Conceding that it is the common carrier's duty to safeguard passengers from the molestation of disorderly or unruly fellow-passengers, defendant insists that the particular occurrence could not have been reasonably anticipated, and therefore it is not chargeable with the non-performance of its duty to exercise a high degree of care for the safety of its passengers—citing *Miller* v. *West Jersey, &c., Railroad Co.,* 71 *N. J. L.* 363; same case on appeal, 79 *Id.* 499; *Kalleberg* v. *Raritan River Railroad Co.,* 91 *Id.* 222; *Seckler* v. *Pennsylvania Railroad Co.,* 113 *Id.* 299; *Overbeck* v. *Erie Railroad Co.,* 14 *N. J. Mis. R.* 816. But that was plainly a question for the trier of the facts.

Plaintiff's assailant entered the train noticeably intoxicated and in a boisterous and disorderly manner; and it would seem that this in itself afforded reasonable ground to antici-

pate peril to the passengers. It cannot be said as a matter of law that such was not a natural expectation. It was the peculiar province of the fact-finding tribunal to determine whether, in the special circumstances, defendant exercised the degree of care for plaintiff's safety laid upon it by the law, *i. e.*, care commensurate with the risk of harm—such as one exercising a high degree of care, skill and diligence, directed to the passenger's safety, and consistent with the nature of the carrier's undertaking and the practical operation of the vehicle or mode of conveyance, would under all the circumstances deem prudent to obviate the danger, known or reasonably to be anticipated. While the carrier is not an insurer of the passenger's safety, he is enjoined to shield him from those dangers which human care and foresight can reasonably anticipate and prevent, compatible with the nature and needs of the business. If the carrier knew, or had reasonable cause to know, of the likelihood of injury to the passenger, and the danger is preventable by the exercise of due care, so measured, he is answerable for the consequences of his non-conformance to that standard. *Spall* v. *Eaton*, 118 *N. J. L.* 327; *affirmed*, 119 *Id.* 343.

If a common carrier permits an intoxicated or disorderly person to enter its conveyance, it is under a duty to take all measures reasonably necessary to protect passengers from injury at his hands. In the cited case of *Miller* v. *West Jersey, &c., Railroad Co.*, 71 *N. J. L.* 363, it was said that the carrier is liable if the specific tortious act "is preceded by something which suggests the likelihood or at least the possibility of its taking place." Common carriers of passengers "are bound to exercise the utmost care in maintaining order and guarding those they transport against violence, from whatever source arising, which might be reasonably anticipated or naturally expected to occur." *Falzarano* v. *Delaware, Lackawanna and Western Railroad Co.*, 119 *Id.* 76. See, also, *Frazier* v *Public Service Railway Co.*, 97 *Id.* 37; same case on appeal, 99 *Id.* 501; *Skillen* v. *West Jersey, &c., Railroad Co.*, 96 *Id.* 492. Under all the circumstances, it was for the District Court Judge, in the exercise of his fact-finding function, to determine whether, if the trainman

had exercised the requisite degree of care, he would have had notice of the risk of danger, or, if he had such notice, whether the carrier's duty of care to avert the danger was satisfied; and his findings in this regard are conclusive here.

Judgment affirmed, with costs.